COMMONWEALTH
vs.
RUCKER.

THURMAN and HARDIN for plaintiffs; HARLAN, Attorney General, for Commonwealth.

---

## The Commonwealth vs. Rucker. (4 cases.)

PRESENTMENT.

## Same vs. James.

Case 2.

### APPEAL FROM THE CARTER CIRCUIT COURT.

The 35th section, act of 1796, (*Stat. Law*, 530,) confines the necessity of adding the degree or mystery of defendant to indictments in which the *exigent* may be awarded, or outlawry pronounced, such addition not necessary in presentment for retailing liquor.

December 6.    Judge MARSHALL delivered the opinion of the court.

Each of these five presentments was quashed in the circuit court on the ground, as is suggested, that the defendant is named without any addition designating his occupation, estate, or degree, as yeoman, laborer, &c. But whatever may be the case with respect to indictments on which a *capias* may issue, and on which formerly there might have been *exigent* and outlawry, it does not seem to be necessary in presentments for retailing liquor, in which the process is merely a summons, to make any such discriminations. The 35th section of the act of 1796, relating to criminal proceedings—*Stat. Law*, 530—contains the only statutory provision on the subject which we have been able to find. That section, it is true, requires the defendant's estate, mystery, or degree to be added to his name in the cases therein referred to, and says the indictment shall be abated if the addition be omitted; but the requisition is expressly confined to indictments in which the exigent may be awarded and outlawries pronounced. And although it may have been usual, even in other cases, to insert, in addition to the defendant's name, the word, "yeoman," "laborer" or the like, yet, as these modes of designation are little used in ordinary discourse, are not in general necessary or even useful for identification of the person, and do not appear to be required by any statute in cases like the present. We are of opinion that the omission constitutes no defect in these presentments, and that the presentments should not have been quashed on this ground; and as we perceive no substantial objection to them on any other ground. Therefore, the judgment in each case is reversed, and the causes remanded with directions to overrule the motion to quash the presentment, and for further proceedings.

HARLAN, *Attorney General*, for commonwealth.

COMMONWEALTH
vs.
RUCKER.

The 35th section, act 1796, (*Statute Law*, 530,) confines the necessity of adding the degree or mystery of defendant to indictments in which the *exigent* may be awarded, or outlawry pronounced, such addition not necessary in presentment for retailing liquor.